OPINION OF THE COURT
Harold J. Hughes, J.
The issue to be determined is whether the Donnelly Act (General Business Law, § 340 et seq.), New York’s restraint of trade statute, applies to not-for-profit charitable corporations.
This is an action pursuant to the Donnelly Act brought by International Service Agencies (ISA), an association of seven charitable organizations, to wit: CARE, Helen Keller International, International Human Assistance Programs, International Rescue Committee, Planned Parenthood-World Population, Project HOPE, and Save the Children, seeking injunctive, declaratory and monetary relief. The defendants seeking summary judgment dismissing the complaint are: United Way of Northeastern New York, *306 Inc., a New York not-for-profit corporation existing for the sole purpose of raising funds for charitable causes and providing volunteer services for the underprivileged, needy and disadvantaged of the greater Albany area; Frederick S. de Beer, Jr., former president of United Way of Northeastern New York; State Employees Federated Appeal Steering Committee for the Albany Area, a committee overseeing the federated campaign in New York State and consisting of representatives of United Way, the State of New York, the Civil Service Employees Association, and the Albany Area Health Council; Albany Area Health Council, an unincorporated association of 17 charities organized for the purpose of raising funds and providing volunteer services for the underprivileged, needy and disadvantaged in the greater Albany area; and Constance B. Mack, former chairwoman of the Albany Area Health Council.
The genesis of the litigation is the means by which charitable contributions are solicited in this State through payroll deductions from Federal and State employees in two annual federated campaigns. State employees are solicited through the State Employees Federated Appeal (SEFA) and Federal employees are solicited through the Combined Federal Campaign (CFC). Three associations of charitable organizations, United Way of America, National Health Agencies and ISA, participate in the Federal campaign, but participation in the State campaign :■* limited to United Way and National Health Agencies, w>h ISA excluded. The basis of excluding ISA from the State campaign is section 6-a of the New York State Finance Law and its implementing regulations, which set forth certain criteria that an association of charitable organizations must meet before being permitted to participate. The gravamen of this action is that officials of the State of New York, together with the defendants herein, have entered into concerted action to exclude ISA from participation in the SEFA, thus creating a monopoly of the solicitation of charitable donations among New York State employees in violation of the Donnelly Act. Defendants’ motion for summary judgment is premised upon the argument that the Donnelly Act does not extend to not-for-profit charitable corporations.
*307 New York’s restraint of trade legislation is codified in article 22 of the General Business Law. Section 340 prohibits monopolies “in the conduct of any business, trade or commerce or in the furnishing of any service in this state”. The purpose of section 340 is to promote competition in the marketplace (Columbia Gas of N.Y. v New York State Elec. & Gas Corp., 28 NY2d 117). The State legislation differs in scope from its Federal counterpart (State of New York v Mobil Oil Corp., 38 NY2d 460, 464).
The Donnelly Act is perhaps as well known for those activities it does not apply to as for those that it does. It has been held not to apply to: (1) the systematic and deliberate practice of price discrimination by oil companies in the sale of gasoline to dealers (State of New York v Mobil Oil Corp., 38 NY2d 460, supra); (2) the practice of law (Matter of Freeman, 34 NY2d 1); (3) the medical profession (People v Roth, 100 Misc 2d 542, affd 74 AD2d 1008); (4) labor unions and farmer and dairy co-operatives (General Business Law, § 340, subd 3); (5) professional sports teams (American League Baseball Club of N. Y. v Pasquel, 187 Misc 230); (6) television rights (Matter of Sullivan County Harness Racing Assn. v Glasser, 68 Misc 2d 579, affd 38 AD2d 690, revd on other grounds 30 NY2d 269); (7) public utilities (Matter of Attorney-General v Interborough-Metropolitan Co., 125 App Div 804); and (8) the operation of private social clubs despite allegations that such clubs exist to foster commercial activity (Kiwanis Club of Great Neck v Board of Trustees of Kiwanis Int., 83 Misc 2d 1075, affd 52 AD2d 906, affd 41 NY2d 1034, cert den 434 US 859).
The defendants argue that their activities are not governed by section 340 because they are not engaged in any commercial or business pursuit but instead have as their mission alleviation of suffering and attending to the needs of society’s disadvantaged members. They point out that they are exempt from tax under State and Federal law due to their nonprofit charitable nature. On the other hand, plaintiff ISA takes the position that charitable fund raising is “business, trade or commerce” under the antitrust law of the State of New York, ISA alleges that it views charity as big business generating millions of dollars to spend on supplies and services, and seeks an equal footing *308 with its competitors in this “big business”. The respective positions of the litigants bring to mind the inquiry of Judge Berman in the Kiwanis case when he stated: “It is also conceivable that there are some who join a charitable or religious organization and become active therein, because of possible selfish or commercial benefits. Should the activities or motives of some individual members be sufficient to convert such organization itself into a commercial enterprise?” (Kiwanis Club of Great Neck v Board of Trustees of Kiwanis Int., 83 Misc 2d 1075, 1078, supra.)
Here the inquiry is whether ISA’s view of charitable fund raising is sufficient to convert the work of charitable corporations and associations into commercial enterprise. This court holds it is not. The regulation of business activity through the Donnelly Act was never intended to extend to the fund raising of charitable corporations and associations. Such a drastic revision in the scope of section 340 of the General Business Law should occur by way of legislative rather than judicial action.
The motion of defendants United Way of Northeastern New York, Inc., Frederick S. de Beer, Jr., and State Employees Federated Appeal Steering Committee for the Albany Area, and the cross motion of defendants Albany Area Health Council and Constance B. Mack, for summary judgment dismissing the complaint shall be granted, all without costs.